287 B.R. 861 (2003)
In re SUNBEAM CORPORATION, Debtor.
Official Committee of Unsecured Creditors of Sunbeam Corporation, on behalf of the estate of Sunbeam Corporation, Plaintiff,
v.
Morgan Stanley & Co., Inc., Morgan Stanley Senior Funding, Inc., First Union National Bank, and Bank of America National Trust and Savings Association, Defendants.
Misc. No. M-47(DC), Bankruptcy No. 01-40291(AJG), Adversary No. 01-2886.
United States District Court, S.D. New York.
January 23, 2003.
Bennett J. Murphy, Sidney P. Levinson, Joshua D. Morse, Hennigan, Bennett & Dorman, LLP, Los Angeles, CA, Jane Goetz, Goetz, Fitzpatrick, Most & Bruckman, LLP, New York City, for Proposed Intervenor Oaktree Capital Management, LLC.
Theodore Gewertz, Michael A. Charish, Wachtell, Lipton, Rosen & Katz, New York City, Peter V. Pantaleo, Simpson, Thacher & Bartlett, New York City, for Defendants-Appellees.

MEMORANDUM DECISION
CHIN, District Judge.
Oaktree Capital Management, LLC ("Oaktree") moves to intervene in this bankruptcy appeal. The appellant has settled with the appellees, the underlying adversary proceeding defendants, and the original parties seek to dismiss the appeal. For the reasons that follow, the motion to intervene is denied, and the appeal is dismissed.
*862 Oaktree held approximately $600 million in bonds in debtor Sunbeam Corporation ("Sunbeam"), and is a member of the Official Committee of Unsecured Creditors (the "Committee"), the appellant here. The Committee appealed the bankruptcy court's order dismissing claims  including equitable subordination, fraudulent conveyance, negligence, and aiding and abetting fraud and breach of fiduciary duty  that the Committee was pursuing, on behalf of the estate, against the debtor's primary pre- and post-petition lenders. After filing the appeal  and unsuccessfully seeking to have this Court decide it on an expedited basis  the Committee settled with the defendants in that adversary proceeding in exchange for receiving 1.5 percent of the stock of the reorganized debtor in the final confirmation order. Oaktree benefitted from this settlement. Although the settlement provides for dismissal of the appeal, Oaktree seeks to intervene and prosecute the Committee's appeal in this Court.
Oaktree relies heavily on the Second Circuit's recent decision in Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re Caldor Corp.), 303 F.3d 161 (2d Cir.2002) ("Caldor"). Caldor interpreted 11 U.S.C. § 1109(b) to provide parties in interest  such as the Committee or any creditor  an "unconditional right to intervene in adversary proceedings." Id. at 166. The Caldor court held that § 1109(b)'s "phrase `any issue in a case' plainly grants a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding." Id. at 169.
The broad recognition of a creditor's right to intervene is not sufficient here. Oaktree is seeking not just intervention, but the right, in essence, to take ownership of the Committee's causes of action  claims that, after all, derive from the estate itself. The authority to pursue claims on behalf of the estate must be granted, in the first instance, by the bankruptcy court. The orderly resolution of bankruptcy cases and the adversary proceedings within them would be impossible otherwise.
Here, the estate released its claims against the defendants, and the only authority to pursue those claims was provided by the bankruptcy court in its debtor in possession financing order. (See Final Order Authorizing Debtor in Possession to Enter into Post-Petition Financing Agreement, dated Mar. 1, 2001, ¶ 17). That order provided that any "entity shall have the right to assert Claims and Defenses only in an action commenced in this Court on or before the 75th day following the date of entry of this Order." (Id.). Only the Committee acted to prosecute the estate's claims against the debtor's pre-petition lenders.
Caldor did not overrule prior Second Circuit precedent establishing criteria for the bankruptcy court to determine when to allow creditors to assert claims on behalf of an estate. In a case decided after Caldor, the Second Circuit reiterated that under that precedent, "an unsecured creditors' committee may initiate an adversary proceeding in the name of a debtor-in-possession if the debtor-in-possession unjustifiably refuses to bring suit." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70 (2d Cir.2002) (citing Unsecured Creditors Committee v. Noyes (In re STN Enterprises), 779 F.2d 901, 904 (2d Cir.1985)). Oaktree never sought to make such a showing before the bankruptcy court.
To get around this obstacle, Oaktree oddly insists that "[i]n moving to intervene in this appeal, Oaktree is not seeking to prosecute the underlying claims asserted by the Committee in the amended complaint. Rather, Oaktree seeks a ruling by *863 this Court that the Bankruptcy Court erred in dismissing the claims with prejudice, in order to enable the Committee to resume its prosecution of the claims before the Bankruptcy Court if the Committee is successful in appealing the Bankruptcy Court's approval of the Committee Settlement in the Confirmation Order." (Oaktree Br. at 3). Oaktree's point makes little sense, as the Committee has settled with the lenders and shows no intention to pursue the instant appeal, nor to appeal the Bankruptcy Court's approval of its own settlement. Oaktree's contention does make two additional points clear. First, Oaktree is indeed seeking review on the merits of the bankruptcy court's dismissal of the underlying adversary proceeding. Second, it reveals that Oaktree's objections are properly directed at the confirmation order  the order that provides for the settlement of the Committee's claims. That appeal, if Oaktree wishes to pursue it, may consider whether the settlement was entered and approved without proper notice, as Oaktree contends, or whether the terms were manifestly unfair, but these inquiries are not presently before this Court.
In fact, despite its denial, Oaktree is belatedly seeking to replace the Committee as the party prosecuting this appeal. Recent observations of the Adelphia bankruptcy court about the scope of such a proposed intervention are persuasive here:
The Court further believes, however, that having standing to raise issues and to appear and be heard  as parties in interest have under section 1109(b)  does not equate to ownership of the causes of action in question; it takes an STN or [In re] Commodore [International Ltd., 262 F.3d 96 (2d Cir.2001)] /Housecraft order to secure the latter. For that reason (and also because after intervention generally, courts have the power to control the proceedings before them to keep the litigation orderly), the Court believes that it does not necessarily follow that once having intervened, intervenors have the right to litigate as the possessors of causes of action do, or to act wholly free of any limitations imposed by the Court in the interests of orderly procedure.
Adelphia Communications Corp. v. Rigas (In re Adelphia Communications Corp.), 285 B.R. 848, 851 (Bankr.S.D.N.Y.2002). Here the possessors of the cause of action  the estate and the Committee  have released their claims. Oaktree seeks to intervene in a dispute that no longer exists.
There is no question that Oaktree has  or had  the right to participate in the resolution of issues in the bankruptcy case, and may subsequently appeal those issues to the district court. For example, Oaktree has apparently filed an appeal of the final confirmation order. Nonetheless, Oaktree has no standing to appeal the dismissal of the instant claim, brought derivatively on behalf of the estate, without the approval of the bankruptcy court. If that approval had been denied  as the bankruptcy court denied it to the Committee, under STN/ Commodore, for claims against lender Morgan Stanley in particular (see Bankruptcy Court Decision dated Oct. 18, 2002, at 30-31)  Oaktree would have had the right to appeal such an order. Under all the circumstances, it has no right to do so here.
SO ORDERED.